

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:18cr9816-JCG |
| v. | Filed |
| KIMBERLY FOSTER, | Violation: 15 U.S.C. § 1 |
| Defendant. | |

## CRIMINAL INFORMATION

The United States of America, acting through its attorneys, charges:

1. KIMBERLY FOSTER is hereby made a defendant on the charge stated below.

## BACKGROUND

2. When Mississippi homeowners default on their mortgages, the mortgage holder can institute foreclosure proceedings through a non-judicial public real estate auction ("Public Auction") or move for a judicial foreclosure, which also results in a Public Auction after the mortgage holder has received a judgment in its favor. Public Auctions typically take place at or near the county courthouse. At the Public Auction, an auctioneer sells the property to the bidder offering the highest purchase price. Proceeds from the sale are then used to pay off the mortgage and other debt attached to the property. Any remaining proceeds are paid to the homeowner.

## DEFENDANT AND CO-CONSPIRATORS

3. During the period covered by this Information, the defendant was engaged in the business of buying real estate at Public Auctions in the Southern District of Mississippi and rehabilitating, selling, or renting the foreclosure properties for an economic benefit.

4. Various entities and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

## DESCRIPTION OF THE OFFENSE

5. Beginning at least as early as August 20, 2009, through at least as late as December 14, 2016, the exact dates being unknown to the United States, the defendant KIMBERLY FOSTER and co-conspirators knowingly entered into and engaged in a combination and conspiracy to suppress and eliminate competition by rigging bids to obtain selected properties offered at Public Auctions in the Southern District of Mississippi ("Rigged Properties"). The combination and conspiracy engaged in by the defendant was in unreasonable restraint of interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1.

6. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators, the substantial terms of which were to suppress competition by agreeing to refrain from bidding against each other to purchase Rigged Properties.

## MEANS AND METHODS OF THE CONSPIRACY

7. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and co-conspirators:

> (a) participated in secret meetings among co-conspirators before the Public Auctions to decide who would win a bid and how much co-conspirators would be paid for their agreement not to bid;
>
> (b) agreed not to compete against each other to purchase the Rigged Properties;

2

    (c) designated which co-conspirator would bid on the Rigged Properties and which co-conspirators would refrain from bidding; and

    (d) refrained from bidding for the Rigged Properties.

8. The defendant and her co-conspirators paid and received payoffs for their participation in the agreement not to bid or refrain from bidding against each other.

## **TRADE AND COMMERCE**

9. During the period covered by this Information, the business activities of the defendant and her co-conspirators, including the Public Auctions, that are the subject of this Information were within the flow of, and substantially affected, interstate trade and commerce. For example:

    (a) foreclosing financial institutions were located outside of the state of Mississippi;

    (b) financial institutions located in states other than Mississippi received proceeds from the Public Auctions that were subject to the bid-rigging conspiracy;

    (c) substantial payments, bidding instructions, and documentation relating to the sale of properties purchased by the defendant pursuant to the conspiracy were transmitted to or from auctioneers in Mississippi to companies or individuals in other states; and

    (d) a number of the foreclosing financial institutions operated in interstate commerce and were federally insured, federally chartered, and/or subject to federal regulation.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

_____  
MAKAN DELRAHIM  
Assistant Attorney General

_____  
RICHARD POWERS  
Acting Deputy Assistant Attorney General

_____  
MARVIN N. PRICE, JR.  
Director of Criminal Enforcement

Antitrust Division  
U.S. Department of Justice

_____  
D. MICHAEL HURST, JR.  
United States Attorney  
Southern District of Mississippi

_____  
JAMES J. FREDRICKS  
Acting Chief  
Washington Criminal II Section

_____  
ERIC M. MEIRING  
Assistant Chief

_____  
MEGAN S. LEWIS  
District of Columbia Bar No. 500720  
megan.lewis@usdoj.gov

HEATHER CALL  
Virginia Bar No. 90676  
heather.call@usdoj.gov

JENNIFER L. CUTSHALL  
Nevada Bar No.13855  
jennifer.cutshall@usdoj.gov

Attorneys, Antitrust Division  
U.S. Department of Justice  
Washington Criminal II Section  
450 5th Street, NW  
Washington, DC 20530  
Tel:  (202) 598-8145