

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 1:18cr98LG-JCG |
| v.                        ) | |
|                           ) | Filed |
| KIMBERLY FOSTER,          ) | |
|                           ) | Violation: 15 U.S.C. § 1 |
| Defendant.                ) | |

## PLEA AGREEMENT

The United States of America and Kimberly Foster ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1. The defendant understands her rights:

   (a) to be represented by an attorney;

   (b) to be charged by Indictment;

   (c) to plead not guilty to any criminal charge brought against her;

   (d) to have a trial by jury, at which she would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for her to be found guilty;

   (e) to confront and cross-examine witnesses against her and to subpoena witnesses in her defense at trial;

   (f) not to be compelled to incriminate herself;

   (g) to appeal her conviction, if she is found guilty; and

   (h) to appeal the imposition of sentence against her.

1

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2. The defendant knowingly and voluntarily waives the rights set out in subparagraphs 1(b)-(h) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Consistent with Fed. R. Crim. P. 11(b)(1)(O), the defendant recognizes that if she is not a citizen of the United States pleading guilty may have consequences with respect to her immigration status, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to

a one-count Information to be filed in the United States District Court for the Southern District of Mississippi. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition and restrain interstate trade by rigging bids at real estate foreclosure auctions in the Southern District of Mississippi in the United States beginning at least as early as August 20, 2009 through at least as late as December 14, 2016 in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3. The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

**FACTUAL BASIS FOR OFFENSE CHARGED**

4. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

- (a) For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as August 20, 2009 through at least as late as December 14, 2016. During the relevant period, the defendant was involved in the purchase of real estate from public foreclosure auctions in the Southern District of Mississippi and rehabilitating, selling, or renting the foreclosure properties. Defendant took title to these properties through her companies, and through other individuals and their companies.

- (b) During the relevant period, the defendant participated in a conspiracy with other persons and entities engaged in the purchase of real estate from public foreclosure auctions, the primary purpose of which was to suppress and eliminate competition and restrain interstate trade by rigging bids at real estate

foreclosure auctions sold in the Southern District of Mississippi. In furtherance of the conspiracy, the defendant and co-conspirators did, among other things, the following:

    (1) participate in secret meetings among co-conspirators before the public auctions to decide who would win a bid and how much the co-conspirators would be paid for their agreement not to bid;

    (2) agree not to compete against each other to purchase the rigged foreclosure properties;

    (3) designate which co-conspirator would bid on the rigged foreclosure properties and which co-conspirators would refrain from bidding; and

    (4) refrain from bidding on rigged foreclosure properties.

(c) The defendant and her co-conspirators paid and received payoffs for their participation in the agreements not to bid or refrain from bidding against each other. During the relevant period, the defendant purchased properties and made payoffs, in a total amount of at least $550,960.

(d) During the relevant period, the business activities of the defendant and her co-conspirators that are the subject of the Information were within the flow of, and substantially affected, interstate trade and commerce. For example, financial institutions located in states other than Mississippi received proceeds from the public auctions that were subject to the bid-rigging conspiracy.

(e) Acts in furtherance of this conspiracy were carried out within the Southern District of Mississippi, and the real estate foreclosure auctions that were the subject of this conspiracy occurred in this District.

**ELEMENTS OF THE OFFENSE**

5. The elements of the charged offense are that:

   (a) the conspiracy described in the Information existed at or about the time alleged;

   (b) the defendant knowingly became a member of the conspiracy; and

   (c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

**POSSIBLE MAXIMUM SENTENCE**

6. The defendant understands that the statutory maximum penalty which may be imposed against her upon conviction for a violation of Section One of the Sherman Antitrust Act is:

   (a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

   (b) a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

   (c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and

United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

7. In addition, the defendant understands that:

   (a) pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order her to pay restitution to the victims of the offense; and

   (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime, in addition to any fine imposed.

## SENTENCING GUIDELINES

8. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2016 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

9. Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 12 of this Plea Agreement, the United States agrees that it will recommend, as the appropriate disposition of this case, that the Court impose a sentence within the applicable Guidelines, including a term of incarceration, a fine, and supervised release. The United States and the defendant agree that the volume of commerce attributable to the defendant under U.S.S.G. §2R1.1 is $550,960. The United States agrees to recommend, and the defendant agrees not to present evidence or arguments in opposition to, the following Sentencing Guidelines calculations:

(a) Base Offense Level, U.S.S.G. §2R1.1(a)     +12

(b) Agreement to submit anticompetitive bids,
U.S.S.G. §2R1.1(b)(1)     +1

(c) Total Offense Level:     13

(d) <u>Acceptance of Responsibility U.S.S.G. §3E1.1(a)     -2</u>

**(e) Resulting Offense Level     11**

The United States will not object to the defendant's request that the Court make a recommendation to the Bureau of Prisons that the Bureau of Prisons designate that the defendant be assigned to a Federal Minimum Security Camp to serve her sentence. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.

10. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 12 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §5K1.1, for a downward departure of up to two (2) levels from the Guidelines range in this case and will request that the Court impose the fine and term of imprisonment contained in the resulting Guidelines range because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in real estate foreclosure auctions. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 12 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and her commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until her cooperation is complete.

11. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraphs 9 and 10 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose the recommended sentence contained in this Agreement, she nevertheless has no right to withdraw her plea of guilty.

### **DEFENDANT'S COOPERATION**

12. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and

related criminal laws involving the purchase of real estate at foreclosure auctions in the Southern District of Mississippi, any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting therefrom, and any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the defendant will include, but not be limited to:

    (a) producing all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the defendant, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

    (b) making herself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

    (c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

(d) otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that she may have that is related to any Federal Proceeding; and

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

## GOVERNMENT'S AGREEMENT

13. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 12 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an attempted or completed antitrust conspiracy involving the purchase of real estate at foreclosure auctions in the Southern District of Mississippi ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

**REPRESENTATION BY COUNSEL**

14. The defendant has reviewed all legal and factual aspects of this case with her attorney and is fully satisfied with her attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with her attorney and has received satisfactory explanations from her attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with her attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

**VOLUNTARY PLEA**

15. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

**VIOLATION OF PLEA AGREEMENT**

16. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will be subject to prosecution for any federal crime of which the United States has

knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

17. The defendant understands and agrees that in any further prosecution of her resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by her to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against her. In addition, the defendant unconditionally waives her right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

18. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

19. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

DATED: 6-27-18               Respectfully submitted,

BY: [signature]              BY: [signature]

KIMBERLY FOSTER              MEGAN S. LEWIS
Defendant                    HEATHER D. CALL
                             JENNIFER CUTSHALL

                             Trial Attorneys
                             U.S. Department of Justice
[signature]                  Antitrust Division
DONALD M. BRISKMAN           450 5th Street NW
Counsel for FOSTER           Washington, DC 20530
                             Tel: (202) 598-8145
                             megan.lewis@usdoj.gov
                             heather.call@usdoj.gov
                             jennifer.cutshall@usdoj.gov